FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMMY F., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:25-CV-03106-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION IN PART <br><br> ECF Nos. 10, 16 |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 10, 16. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Sarah Moum represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion; **GRANTS** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on July 10, 2019, alleging onset of disability on January 1, 2015. Tr. 368. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Bonnie Hannan held a hearing on March 7, 2022, Tr. 61-90, and issued an unfavorable decision on March 23, 2022, Tr. 15-31. At the hearing, the alleged onset date was amended to the application date, July 10, 2019. Tr. 69. The

ORDER - 1

Appeals Council denied Plaintiff's request for review; however, on September 7, 2023, the undersigned granted the parties' stipulated motion and remanded the case for additional proceedings. *See* 1:23-CV-03042-ACE (ECF No. 17). On March 21, 2024, the Appeals Council issued a detailed order remanding the case to an ALJ. Tr. 874-875. On February 12, 2025, a new administrative hearing was held, Tr. 815-827, and ALJ Mark Triplett issued an unfavorable decision on March 14, 2025, Tr. 794-806. Plaintiff filed the instant action for judicial review on July 8, 2025. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence

and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 14, 2025, ALJ Mark Triplett issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 794-806.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 10, 2019, the amended alleged onset date/application date. Tr. 797.

At step two, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, trauma, and personality disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 797-799.

ORDER - 3

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a full range of work at all exertion levels, with the following nonexertional limitations:

> The individual can perform simple, routine tasks and can tolerate occasional, superficial contact with coworkers and supervisors. The individual cannot engage in tasks that require teamwork or close collaboration with coworkers. The individual can tolerate no direct, interactive contact with the general public. The individual can tolerate occasional, routine changes to work routines and work processes. The individual requires regular work breaks at 2-hour intervals.

Tr. 799.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 804.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of hand packager, hospital housekeeper, and marker. Tr. 804-805.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended alleged onset date/application date, July 10, 2019, through the date of the decision, March 14, 2025. Tr. 806.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff alleges the ALJ erred as follows: (1) the RFC is consistent with disability; (2) the ALJ reversibly erred by not properly assessing Plaintiff's testimony; (3) the ALJ reversibly erred by not properly assessing the medical opinions; and (4) the ALJ reversibly erred by not properly assessing Plaintiff's migraine headaches. ECF No. 10 at 1.

ORDER - 4

# DISCUSSION

**A.     Residual Functional Capacity and Vocational Expert Testimony**

Plaintiff first asserts the ALJ's RFC assessment is consistent with disability given the vocational expert's testimony indicating the jobs identified required collaboration during the training period. ECF No. 10 at 3. The undersigned does not agree with Plaintiff's interpretation of the vocational expert's testimony. *See infra*.

Residual functional capacity is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). In making an RFC determination, the ALJ considers Plaintiff's symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence of record. The ALJ then utilizes this assessment to determine whether a claimant can still perform past relevant work (Step 4) or alternative available work as it is generally performed in the national economy (Step 5).

Here, relevant to Plaintiff's argument, the ALJ determined Plaintiff's RFC included the restriction of being unable to engage in tasks "that require teamwork or **close** collaboration with coworkers." Tr. 799 (emphasis added). Consistent with this limitation, the hypothetical the ALJ posed to the vocational expert prohibited "close collaboration." Tr. 823. However, as argued by Defendant, ECF No. 16 at 6, the hypothetical Plaintiff's counsel posed to the vocational expert did not match this limitation. Instead, Plaintiff's counsel asked the vocational expert to consider "the same hypothetical question" but "this time we have occasional superficial contact with **no** collaboration." Tr. 825 (emphasis added). Only when asked about "the no collaboration part" did the vocational expert indicate it would preclude work, Tr. 826, but this is not consistent with the ALJ's ultimate RFC determination, and the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence, *Magallanes v. Bowen*, 881 F.2d 747, 756-757

ORDER - 5

(9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). Plaintiff is not entitled to remand on this issue.

**B.     Plaintiff's Subjective Complaints**

Plaintiff next contends the ALJ erred by failing to properly assess Plaintiff's testimony. ECF No. 10 at 4-8. Defendant's response concedes that this case should be remanded to further evaluate Plaintiff's alleged symptoms. ECF No. 16 at 8.

The Court notes at the outset that Plaintiff's assertion regarding the ALJ's finding that Plaintiff is capable of sustaining "light exertion work" in the context of the assessment of Plaintiff's credibility, Tr. 802, is not persuasive. ECF No. 10 at 4-5. This is clearly a scrivener's error as Plaintiff has not alleged specific physical impairments, Tr. 404, the ALJ found no severe physical impairments, Tr. 797, and the ALJ's RFC determination found her capable of performing a full range of work at all exertional levels, Tr. 799.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).

The ALJ concluded Plaintiff's severe medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however,

1 Plaintiff's statements concerning the intensity, persistence and limiting effects of
2 those symptoms were not consistent with the medical and other evidence of record.
3 Tr. 800.  The ALJ specifically indicated "the claimant's treatment record is
4 inconsistent with his/her testimony. Furthermore, the claimant's claims of
5 debilitated functioning are inconsistent with contemporaneous reports of actual
6 functioning." Tr. 800.

7       First, with respect to Plaintiff's activities of daily living, the ALJ noted
8 "claimant reported she takes care of her baby, cares for her personal hygiene needs,
9 including taking regular baths and/or showers, brushing her teeth, combing her
10 hair, and changing clothes, prepares her own meals and feeds herself, and is able to
11 independently perform tasks, such as washing dishes, doing laundry, vacuuming
12 and dusting, generally as well as takes her own medication, renews her
13 prescriptions as needed, shops for groceries and other personal needs and typically
14 schedules her own appointments with doctors or other offices." Tr. 802.  The ALJ
15 found Plaintiff's ability to perform these activities indicated her symptoms were
16 not as limiting as alleged.  Tr. 802.

17       The Appeals Council already explicitly rejected this finding because "there
18 is no explanation provided in the decision as to how these activities are at odds
19 with the claimant's alleged psychological symptoms." Tr. 875.  The ALJ
20 committed legal error by discounting Plaintiff's subjective complaints on the same
21 rejected basis and without providing any explanation how the listed activities
22 specifically contradicted Plaintiff's allegations. *See Jackson v. Berryhill*, 2018 WL
23 1466423 at *2 (W.D. Wash. 2018) (citing *Ischay v. Barnhart*, 383 F.Supp.2d 1199,
24 1213-1214 (C.D. Cal. 2005); *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989)
25 (citations omitted) (deviation from the court's remand order in the subsequent
26 administrative proceedings is itself legal error, subject to reversal on further
27 judicial review)); *see also United Gas Improvement Co. v. Continental Oil Co.*,
28 381 U.S. 392, 406 (1965) (explaining that the agency must act upon the court's

ORDER - 7

correction on remand).  Moreover, Plaintiff's activities are neither inconsistent with nor a valid reason to discount her allegations.  *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).  The ALJ erred by discounting Plaintiff's testimony on this ground.

      The ALJ also found Plaintiff's testimony inconsistent with the medical evidence of record.  The ALJ discussed Plaintiff's course of mental health treatment and determined it was often within normal limits despite some mood difficulties.  Tr. 800-802.  However, while some psychiatric providers noted various normal findings on exam, other records noted Plaintiff presented as sad, anxious, paranoid, restless, angry or irritable, dysphoric, hopeless and helpless and with hallucinations and suicidal ideations.  In any event, and as also stated by the Appeals Court, "symptoms may not be disregarded solely because they are not substantiated by the objective medical evidence."  Tr. 875; *see Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's

subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence.").

      Defendant indicates that the record reflects gaps in Plaintiff's mental health treatment and argues these gaps in treatment undermine her claim about the severity of her impairments. ECF No. 16 at 5-6. The ALJ's decision, however, makes no mention of gaps in Plaintiff's mental health treatment. *See Bray v. Astrue*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (it is error for a district court to affirm an ALJ's credibility decision based on evidence that the ALJ did not discuss). And, it is understandable that the ALJ did not discuss any lack of treatment for mental health impairments because the Appeals Council specifically found it would be error to rely on this reasoning given that the record showed multiple reasons that care was interrupted that the first ALJ decision failed to consider. *See* Tr. 874.

      The ALJ failed to properly assess Plaintiff's subjective complaints.

**C.    Medical Opinions**

      Plaintiff contends the ALJ erred by improperly evaluating the opinions of his medical providers. ECF No. 10 at 9-18. Plaintiff specifically argues the ALJ erred by failing to adopt the assessments of Dr. Genthe and Ms. Kline and instead finding persuasive the opinions of reviewing physicians Drs. Gorsyth and Flanagan. *Id*. Defendant's brief does not specifically address Plaintiff's argument with respect to the medical opinion evidence. However, Defendant asserts that since this case contains a range of medical findings and opinions, including

ORDER - 9

assessments consistent with the ALJ's RFC assessment (the findings of Drs. Forsyth and Flanagan), the Court should remand for further proceedings, not a finding of disability, based on a serious doubt that Plaintiff is disabled. ECF No. 16 at 4.

### 1. Drs. Forsyth and Flanagan

On January 31, 2020, a state agency reviewer Andrew Forsyth, Ph.D., opined that Plaintiff was able to respond and adapt to changes in a work setting in order to consistently complete simple tasks; capable of employment with limited, superficial social interaction; capable of understanding, remembering, carrying out, and sustaining adequate concentration for simple, repetitive tasks; and capable of understanding simple directions and carrying out simple routine tasks. Tr. 99-100.

On May 26, 2020, Rita Flanagan, Ph.D., reviewed records and opined that the claimant was capable of performing simple work with moderate limitations; retained the capacity to understand and remember simple instructions, standard work-like procedures, and regular work location(s) on a consistent basis in a competitive work environment; would not be able to consistently understand and remember instructions that are more detailed than this; retained the capacity to carry out simple instructions, maintain concentration, persistence and pace for up to 2 hours continuously, maintain adequate attendance, and complete a normal workday/workweek within normal tolerances of a competitive workplace; would not be able to carry out tasks that are more detailed than this on a consistent and regular basis; retained the capacity to interact with others on an occasional/superficial basis; retained the ability to accept instructions from a supervisor; would have occasional difficulties with adapting to change, but would be able to adapt to normal, routine changes in a competitive workplace within normal tolerances; and would be able to respond appropriately to normal hazards and travel in unfamiliar places using public transportation or other modes of travel in a competitive work environment. Tr. 111-113.

  The ALJ found the opinions of Drs. Forsyth and Flanagan "persuasive" because they were supported by their record reviews and consistent with Plaintiff's treatment records. *See* Tr. 803.

  The undersigned agrees with Plaintiff that this conclusory finding by the ALJ lacks substance. ECF No. 10 at 17. The ALJ did not explain how the opinions of Drs. Forsyth and Flanagan are supported. In addition, with respect to consistency, as indicated in Section B above, while some psychiatric providers noted various normal findings on exam, other records noted Plaintiff presented as sad, anxious, paranoid, restless, angry or irritable, dysphoric, hopeless and helpless and with hallucinations and suicidal ideations.

  *2. Ms. Kline*

  On October 21, 2019, examining medical professional Cara Kline, M.Ed., completed a Documentation Request for Medical or Disability Condition form for Plaintiff. Tr. 639-641. Ms. Kline opined Plaintiff had significant interference with interacting with the general public and that her symptoms exacerbated her poor concentration, ability to complete tasks, and ability to focus on directions/training. Tr. 639. Ms. Kline found this limited Plaintiff to working only 1-10 hours per week. Tr. 639.

  The ALJ determined that Ms. Kline's opinion was "not persuasive," because it appeared to be largely based on Plaintiff's self-reports and was inconsistent with the treatment records showing generally normal mental status examinations. Tr. 804.

  The ALJ does not specify or substantiate how he arrived at the conclusion that Ms. Kline's opinions relied more on Plaintiff's self-report than on her clinical observations. Moreover, the Ninth Circuit has held that the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental health. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (finding mental health diagnoses will always depend on the patient's self-

ORDER - 11

report as well as the clinician's observations).  Reliance on Plaintiff's self-report is also not a valid reason to discount Ms. Kline's opinions in this case because, as determined above, the ALJ failed to properly assess Plaintiff's subjective complaints.  *See supra*.  Regarding the ALJ's finding of a lack of consistency, as indicated with respect to Drs. Forsyth and Flanagan, while some psychiatric providers noted various normal findings on exam, other records noted Plaintiff presented as sad, anxious, paranoid, restless, angry or irritable, dysphoric, hopeless and helpless and with hallucinations and suicidal ideations.  Finally, Defendant's brief does not address Plaintiff's argument with respect to Ms. Kline.  *See Stichting Pensioenfonds ABP v. Country Financial Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (finding, in most circumstances, that the failure to respond in an opposition brief to an argument put forward in an opening brief constitutes a waiver or abandonment in regard to the uncontested issue).  The ALJ's rejection of Ms. Kline's report is not supported by substantial evidence.

    3. Dr. Genthe[1]

On September 11, 2019, examining psychologist Thomas Genthe, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff and assessed marked limitations in several basic work activities.  Tr. 627-631.  Dr. Genthe additionally opined that Plaintiff was unlikely to function adequately and/or consistently in a work setting until her psychological symptoms had been managed more effectively.  Tr. 631.

The ALJ found Dr. Genthe "partially persuasive," but indicated that he only agreed Plaintiff's symptoms and conditions were worse without treatment, and that

///

---

[1] Defendant's brief does not address Plaintiff's contention that the ALJ erred by discounting Dr. Genthe's report.  *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132.

the record showed that Plaintiff's mental status examinations were generally within normal limits. Tr. 804.

The factors for evaluating the persuasiveness of medical opinions include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The undersigned agrees with Plaintiff, ECF No. 10 at 10, that the ALJ erred by failing to address the supportability factor with respect to Dr. Genthe. Regarding the ALJ's finding of a lack of consistency, as discussed with respect to the other medical professionals above, while there are various normal findings noted on exams, other records noted Plaintiff presented as sad, anxious, paranoid, restless, angry or irritable, dysphoric, hopeless and helpless and with hallucinations and suicidal ideations.

The ALJ failed to properly assess Dr. Genthe's report.

**D.    Step Two**

Plaintiff contends the ALJ also erred by failing to properly assess Plaintiff's migraine headaches at step two of the sequential evaluation process. ECF No. 10 at 18-20. At step two, the ALJ found Plaintiff's migraine headaches non-severe indicating they "caused only transient and mild symptoms and limitations, are well controlled with treatment, did not persist for twelve continuous months, do not have greater than a minimal limitation on the claimant's physical or mental ability to perform basic work activities, or are otherwise not adequately supported by the medical evidence of record." Tr. 797. Defendant's brief does not address Plaintiff's argument with respect to her migraine headaches. *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132. Accordingly, the Court finds

ORDER - 13

Defendant has conceded the ALJ erred at step two with respect to Plaintiff's migraine headaches.

**E.     Drug Addiction and Alcoholism (DAA)**

Defendant's brief argues that because the record indicates drug use by Plaintiff, further proceedings are necessary to determine whether Plaintiff's DAA is a contributing factor material to the finding of disability. ECF No. 16 at 6-7. However, as asserted by Plaintiff, *see* ECF No. 19 at 8, the ALJ had the complete medical record before him when he issued his decision and specifically considered and rejected the conclusion that substance abuse was a severe disorder that caused more than a minimal limitation on Plaintiff's functioning. Tr. 797. Consequently, the question of DAA materiality was answered by the ALJ and need not be reviewed.

### CONCLUSION

This case must be remanded because the ALJ harmfully erred by misevaluating the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Therefore, on remand, the ALJ shall perform the sequential analysis anew, including a reassessment of Plaintiff's migraine headaches at step two. The ALJ shall reassess Plaintiff's mental impairments and limitations, specifically taking into consideration the opinions of Dr. Genthe, Ms. Kline and any other medical opinion evidence or testimony relevant to Plaintiff's disability claim. The ALJ

shall also consider further developing the record by directing Plaintiff to undergo a new consultative psychological examination to assist the ALJ in assessing Plaintiff's functioning during the relevant time period. The ALJ will also be instructed to reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements. The ALJ shall reevaluate Plaintiff's RFC, make new findings at each of the five steps of the sequential evaluation process, and obtain supplemental testimony from a vocational expert, if warranted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse and remand, **ECF No. 10**, is **GRANTED IN PART**.

2. Defendant's motion to reverse, **ECF No. 16**, is **GRANTED**.

3. The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED February 20, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 15